Mr. Michael S. Davis City Attorney City of St. Petersburg Post Office Box 2842 St. Petersburg, Florida 33731
Dear Mr. Davis:
This is in response to your request for an opinion on substantially the following questions:
 1. MAY A CITY COUNCIL MEMBER WHO IS ALSO A MEMBER OF THE LOCAL COMMUNITY REDEVELOPMENT AGENCY, ACQUIRE PROPERTY WHICH IS OR WILL BE SUBJECT TO `AREA WIDE IMPROVEMENTS' IN A COMMUNITY REDEVELOPMENT AREA?
 2. MAY A MEMBER OF THE CITY COUNCIL WHO IS ALSO A MEMBER OF THE LOCAL COMMUNITY REDEVELOPMENT AGENCY VOTE ON MATTERS AFFECTING THE COMMUNITY REDEVELOPMENT AREA IN WHICH HE PRESENTLY OWNS PROPERTY?
Your questions are interrelated and will be answered together.
Your letter states that the City Council of St. Petersburg has declared itself to be the community redevelopment agency for the Intown Community Redevelopment Area which consists of approximately 309 acres. A community redevelopment plan for the Intown Redevelopment Area has been formulated and approved which includes both specific redevelopment projects and area wide improvements. You state that the specific projects will physically change those properties located within the project boundaries. The area wide improvements will benefit all properties within the area but generally will not physically change privately owned property. The area wide improvements will consist of such things as improvements to or provision of sidewalks and utilities within the entire redevelopment area. Both the specific projects and the area wide improvements are incorporated into the approved community redevelopment plan.
The Community Redevelopment Act of 1969, codified as Part III of Ch. 163, F.S., was enacted to enable counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation and to provide for the redevelopment of slums and blighted areas. The definition of a `community redevelopment project' is set forth in s 163.340(9), F.S., which provides that:
 `Community redevelopment project' means undertakings and activities of a county, municipality, or community redevelopment agency in a community redevelopment area for the elimination and prevention of the development or spread of slums and blight and may include slum clearance and redevelopment in a community redevelopment area, rehabilitation or conservation in a community redevelopment area, or any combination or part thereof in accordance with a community redevelopment plan. (e.s.)
A `community redevelopment area' is a slum or blighted area or a combination thereof which has been designated as appropriate for a community redevelopment project, s 163.340(10), F.S., and a `community redevelopment plan' is a plan for a community redevelopment project, s 163.340(11), F.S.
The definition of a `community redevelopment project' is a broad one, encompassing a wide variety of undertakings and activities in a community redevelopment area directed toward `the elimination and prevention of the development or spread of slums and blight . . . .' Section 163.340(9), F.S. No distinction or qualification appears in this section which distinguishes between activities or improvements which change the physical appearance of particular property and more general `area wide improvements' which benefit, enhance and improve the entire redevelopment area, including particular properties.
Other sections of Part III, Ch. 163, F.S., seem to indicate that the activities you have described as `area wide improvements' are, in fact, elements of community redevelopment projects. Section163.370(1), F.S., provides that counties and municipalities shall have the powers necessary to carry out the purposes and provisions of the act, including the power to `undertake and carry out community redevelopment projects and related activities within its area of operation, such projects to include: . . . 3. Installation, construction, or reconstruction of streets, utilities, parks, playgrounds, and other improvements
necessary for carrying out in the community redevelopment area the community redevelopment objectives . . . in accordance with the community redevelopment plan.' (e.s.) Section 163.370(1)(a)3., F.S. See also, s 163.362(2)(d), F.S., which requires that every community redevelopment plan shall show the property `intended for use as public parks, recreation areas, streets, public utilities,and public improvements of any nature.' (e.e.) It is my view therefore that `public improvements of any nature' including utilities, sidewalks and other improvements constitute `undertakings and activities' by a community redevelopment agency within the definition of a community redevelopment project contained in s 163.340(9), F.S.
In regard to the creation of a community redevelopment agency, s163.356(3)(b), F.S., provides that:
 The powers of a community redevelopment agency shall be exercised by the commissioners thereof. A majority of the commissioners shall constitute a quorum for the purpose of conducting business and exercising the powers of the agency and for all other purposes. Action may be taken by the agency upon a vote of a majority of the commissioners present, unless in any case the bylaws shall require a larger number. Any persons may be appointed as commissioners if they reside or are engaged in business, which shall mean owning a business, practicing a profession, or performing a service for compensation, or serving as an officer or director of a corporation or other business entity so engaged, within the area of operation of the agency, which shall be coterminous with the area of operation of the county or municipality, and are otherwise eligible for such appointments under this part. (e.s.)
The statute states that members of the community redevelopment agency must reside or engage in business, as set forth in this section, within the area of operation of the agency, which is coterminous with the territorial boundaries or limits of the county or municipality. `Area of operation' is defined by s163.340(17), F.S., to mean `for a municipality, the area within the corporate limits of the municipality.' The statute does not require that the members of the agency reside or engage in business within the community redevelopment area. In fact, s163.367(1), F.S., prohibits the voluntary or involuntary acquisition of any personal interest, direct or indirect, in any property included or planned to be included within any community redevelopment project by a public official or employee of a county or municipality, or a board or commission thereof or by a commissioner or employee of a community redevelopment agency. In the event of involuntary acquisition of an interest in such property or when any such official or employee presently owns or controls (or owned or controlled within the preceding two years) any interest in property which he or she knows is included or planned to be included in a community redevelopment project, this fact must be immediately disclosed in writing to the governing body. The disclosure shall be entered upon the minutes of the governing body and any such official or employee is forbidden to participate in any action by the municipality or the community redevelopment agency affecting the property. Section 163.367(2), F.S. See, AGO 081-10, which concludes that any public official of a municipality and any member of a community redevelopment agency who presently owns or controls, or who has owned or controlled within the preceding two yeras, any interest in any property which such official or member knows is included or planned to be included in a community redevelopment project shall immediately disclose such interest in writing to the governing body of the municipality, and refrain from participating in any action of the municipality or community redevelopment agency which affects such property.
Therefore, while the commissioners or members of the community redevelopment agency are required to reside or engage in business within the territorial limits of the municipality or the `area of operation' of the agency which is coterminous therewith, they are prohibited from acquiring any personal interest, direct to indirect, in any property which is included or planned to be included in any community redevelopment project as defined by s163.340(9), F.S. In the event of an involuntary acquisition of an interest in such property or if such property is presently owned or controlled, or has been owned or controlled within the preceding two years, this interest must be disclosed, in writing, to the governing body and the commissioner or member of the redevelopment agency is prohibited from participating in any action by the community redevelopment agency affecting such property.
Accordingly, it is my opinion that `area wide improvements' such as improvements to or the provision of sidewalks and utilities within a community redevelopment area in accordance with an approved community redevelopment plan are `undertakings and activities' which constitute elements of community redevelopment projects within the definition of those terms contained in s163.340(9), (10) and (11), F.S. The members of a community redevelopment agency are required to reside in or engage in business within the corporate limits of the municipality or county or the `area of operation' of the agency which is coterminous therewith, but they are prohibited from acquiring any personal interest, direct or indirect, in any property which is included or planned to be included in any community redevelopment project as defined by s 163.340(9), F.S. If any member of a community redevelopment agency presently owns or controls, or has owned or controlled within the preceding two years, or involuntarily acquires any interest, direct or indirect, in any property which he or she knows is included or planned to be included in a community redevelopment project such member is required to disclose such fact or interest in writing to the governing body and refrain from participating in any action of the municipality or community redevelopment agency affecting such property.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General